IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRON MAIDEN HOLDINGS LTD.,

    Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:18-cv-522

Judge Jorge L. Alonso

Magistrate Judge Maria Valdez

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Plaintiff submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

**MEMORANDUM OF LAW**

**I.     INTRODUCTION**

Plaintiff IRON MAIDEN HOLDINGS LTD. ("IMHL") brings the present action against the Defendants identified on the Schedule A (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III).  As alleged in IMHL's Complaint, the Defendants are promoting, advertising, distributing, offering for sale, and selling products infringing IMHL's IRON MAIDEN trademarks (the "Counterfeit IRON MAIDEN Products") through various fully interactive commercial Internet websites operating under at least the Defendant Domain Names and Online Marketplace Accounts listed in the Schedule A (collectively, the "Defendant Internet Stores").

**II.    STATEMENT OF FACTS**

On February 1, 2018, this Court granted IMHL's Motion for a Temporary Restraining Order ("the TRO"). Docket Entry No. 14. The TRO authorized IMHL to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO and other relevant documents on a website to which the Defendant Domain Names which are transferred to IMHL's control redirect, or by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Paul Varley and any e-mail addresses provided for Defendants by third parties that includes a link to said website. TRO at ¶ 11. Since and pursuant to entry of the TRO, dozens of PayPal and WISH accounts associated with the Defendant Internet Stores have been frozen. *See* Declaration of Keith A. Vogt (hereinafter "Vogt Declaration") at ¶ 2.

IMHL respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation,

distribution, offering for sale, and sale of Counterfeit IRON MAIDEN Products during the pendency of this litigation. As part of the Preliminary Injunction, IMHL requests that the Defendant Domain Names remain in IMHL's control and that Defendants' PayPal and WISH accounts remain frozen until completion of these proceedings.

### III. ARGUMENT

#### a) A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

IMHL respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. This Court, in addressing similar allegations of Internet-based counterfeiting, has also issued preliminary injunctions following a temporary restraining order. *Michael Kors, L.L.C. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 15-cv-00124 (N.D. Ill. Feb. 18, 2015) (Docket No. 34); *Monster Energy Co. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 15-cv-00277 (N.D. Ill. Feb. 8, 2015) (Docket No. 35). *See* Exhibit A to Declaration of Keith A. Vogt (hereinafter "Vogt Declaration").

##### i) This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by

3

the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

### ii) The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark ...." 15 U.S.C. § 1116(a).

#### (1) The Domain Name Transfer Order Remains Appropriate

IMHL seeks a conversion of the TRO entered by this Court on February 1, 2018, allowing IMHL to retain control of the Defendant Domain Names until the completion of these proceedings. To prevent the Defendants from further manufacture, importation, distribution, offering for sale, and sale of Counterfeit IRON MAIDEN Products and to provide notice to Defendants regarding these proceedings, IMHL respectfully requests that the injunctive relief already awarded be extended through the pendency of this case.

#### (2) The Asset Restraining Order Remains Appropriate

IMHL also requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, Plaintiff has obtained information, including the identification of dozens of foreign accounts, linked to the Defendant Internet Stores which were offering for sale and/or selling infringing IRON MAIDEN Products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions to an offshore account. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings. The amount of damages to which IMHL is entitled as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen PayPal and WISH

accounts. For example, IMHL's prayer for relief requests statutory damages of $2 million from each Defendant. In addition, and as established in IMHL's TRO Memorandum, many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005); *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). As such, an order continuing to freeze the Defendants' assets should be granted.

## IV. CONCLUSION

In view of the foregoing, IMHL respectfully requests that this Court enter the preliminary injunction.

DATED: February 6, 2018

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt, Esq. (Bar No. 6207971)
1033 South Blvd., Suite 200
Oak Park, Illinois 60302
Telephone: 708-203-4787
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website to which the Defendant Domain Names that have been transferred to IMHL's control now redirect, and I will send an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Paul Varley and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ *Keith A. Vogt*
Keith A. Vogt, Esq.